**Vinesh Kumar SINGH, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 15-72503

United States Court of Appeals, Ninth Circuit.

Argued and Submitted September 11, 2017 San Francisco, California

Filed September 26, 2017

Nicholas Baran, Attorney, San Francisco, CA, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Victor Matthew Lawrence, I, Esquire, Assistant Director, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: KOZINSKI and FRIEDLAND, Circuit Judges, and BENNETT,* District Judge.

---

* The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

## MEMORANDUM **

Vinesh Singh argues that the state-created danger doctrine prohibits the federal government from deporting him to Fiji, where it would be harder for him to obtain treatment for a medical condition he contracted while serving a sentence in a California prison. *See L.W. v. Grubbs*, 974 F.2d 119, 121-22 (9th Cir. 1992). We assume for the purposes of this appeal that a deportation could be enjoined based on the state-created danger doctrine. *See Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir. 2007). And we assume that Singh might be entitled to factfinding in a district court if he alleged a colorable claim under that state-created danger doctrine. *See id.* at 1090.

We deny the petition, however, because Singh lacks a colorable claim on the merits.[1] Because federal officials were not involved in creating the danger Singh allegedly faces, the law does not require federal officials to protect him from it. *Compare, e.g., Wang v. Reno*, 81 F.3d 808, 818 (9th Cir. 1996).

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.  Singh's request for judicial notice of court documents in another lawsuit is granted. *See* Fed. R. Evid. 201.